IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS, AUTOMOBILE SALESROOM GARAGE ATTENDANTS AND LINEN AND LAUNDRY DRIVERS, LOCAL NO. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>               Plaintiff,<br><br>v.<br><br>LECHNER AND SONS,<br><br>               Defendant. | Case No. 07 C 6318<br>Judge Holderman<br>Magistrate Judge Cole |

## ANSWER TO COMPLAINT

Defendant, Lechner and Sons ("Lechner"), by its attorneys, hereby answers Plaintiff's Complaint.

1. Plaintiff Local 731 is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 301(a), 29 U.S.C. §185(a), which maintains its principal offices in this district Local 731 brings this action on behalf of the Lechner employees whom it represents for purposes of collective bargaining.

**ANSWER:** Admitted.

2. Defendant Lechner is an Illinois corporation in good standing that maintains offices and conducts business within this district. Lechner is an employer within the meaning of LMRA Section 301(a), 29 U S.C. §185(a).

**ANSWER:** Admitted.

3. This court has jurisdiction over this pursuant to 29 U.S.C. §185(a) and 28 U.S.C. §1331, and the provisions of the Federal Arbitration Act, 9 U.S.C. §§1, et seq., are applicable to it.

**ANSWER:** Defendant denies that the Federal Arbitration Act confers jurisdiction on this Court. Defendant admits the remaining allegations of Paragraph 3.

      4.      Venue is proper in this district pursuant to 29 U.S.C. §185(c) and 28 U.S.C. §1391.

      **ANSWER:**    Admitted.

      5.      Local 731 has maintained successive labor agreements with Lechner, the most recent of which is effective by its terms from May 1, 2006 to April 30, 2010 (the "Agreement"). A copy of relevant portions of the Agreement are attached as Exhibit A.

      **ANSWER:**    Admitted.

      6.      Article 29 of the Agreement contains a procedure to resolve grievances that arise under the Agreement, culminating in final and binding arbitration of grievances. Section 29.1 of the Agreement defines a grievance as follows:

> Grievance means a dispute or claim arising under this Agreement, and involving the interpretation or application of, or compliance with any provisions of this Agreement

      **ANSWER:**    Admitted.

      7.      During the period after execution of the Agreement but prior to July 3, 2007, some Lechner employees represented by Local 731 refused to enter Lechner property by honoring a primary picket line established there in support of a strike by another labor organization that represents other Lechner employees.

      **ANSWER:**    Admitted.

      8.      Article 35 of the Agreement states, in relevant part:

> It shall not be a violation of this Agreement and it shall not be cause for discharge or disciplinary action in the event an employee refuses to enter upon any property involved in a lawful primary labor dispute …, including lawful primary picket lines at the Employer's place of business.

      **ANSWER:**    Admitted.

      9.      The Agreement also contains a Union recognition clause (Article 3), a prohibition on suspensions without pay and discharges unless there is just cause (Article 5), a prohibition on discrimination against employees due to union activities (Article 28), and a prohibition on any discipline of non-probationary employees without just cause (Article 29).

      **ANSWER:**    Admitted.

      10.     On or about July 3, 2007, Lechner refused to reinstate the Local 731-represented employees notwithstanding their request to return to work.

**ANSWER:** Admitted. Lechner affirmatively states that the referenced Local 731-represented employees were economic strikers and were permanently replaced during the referenced strike. Following termination of the referenced strike, said economic strikers, pursuant to federal labor law, were placed on a preferential hiring list. To date, several of the economic strikers have been offered reinstatement, and at least two have elected to return to work.

11. On July 3, 2007, Local 731 filed a grievance over Lechner's refusal to reinstate its Local 731-represented employees who had honored the picket line at Lechner's place of business (the "Grievance"). Local 731 alleged that Lechner's conduct violated Articles 3, 5, 28, 29, 35, and all other applicable articles of the Agreement Local 731 requested immediate arbitration of the Grievance.

**ANSWER:** Lechner denies that it violated the CBA as alleged, but admits the remaining allegations of Paragraph 11.

12. By letter dated July 10, 2007, Lechner denied the Grievance. By letter dated July 11, 2007, Local 731 requested that Lechner either convene the remaining steps of the grievance procedure or proceed directly to arbitration of the Grievance. Lechner made no response to the July 11 letter.

**ANSWER:** Lechner denies that it did not respond to Plaintiff's July 11 letter. Lechner admits the remaining allegations of Paragraph 12.

13. On August 3, 2007, pursuant to Article 29 of the Agreement and Local 731's request, the Federal Mediation and Conciliation Service submitted a panel of arbitrators to Lechner and Local 731 from which each party was to alternately strike names until one arbitrator remained on the list who would hear and decide the Grievance.

**ANSWER:** Admitted. Lechner affirmatively states that submission of the grievance to the Federal Mediation and Conciliation Service by Local 731 was improper in that the referenced grievance was not arbitrable.

14. By letter dated September 12, 2007, Lechner contended that the Grievance was not arbitrable and advised that it would arbitrate only its objections to arbitrability and not the merits of the Grievance.

**ANSWER:** Lechner denies that it unconditionally offered to submit arbitrability issues to an arbitrator, or that it was legally obligated to submit arbitrability issues to an arbitrator. Rather, Lechner's September 12, 2007 letter was an effort to compromise the dispute by agreeing to have an arbitrator, rather than a court, decide the arbitrability issue. Lechner admits the allegations of Paragraph 14, except as inconsistent with the foregoing admissions.

15. By letter dated September 25, 2007 Local 731 advised that Lechner may raise all its objections to arbitrability before the arbitrator but it may not otherwise refuse to arbitrate the Grievance or restrict the scope of arbitration, and the arbitrator shall determine how to consider Lechner's objections to arbitrability.

**ANSWER:** Admitted.

16. By letter dated October 2, 2007 Lechner advised that it will arbitrate its procedural objections to arbitrability and nothing more.

**ANSWER:** Lechner admits that on October 2, 2007 it sent Plaintiff's attorney a letter responding to his September 25, 2007 letter. The October 2 letter reiterated Lechner's offer to resolve the dispute by submitting the question of arbitrability to the arbitrator. It refused to resolve the dispute in any other way. Lechner denies the allegations of Paragraph 16 except as consistent with the foregoing admissions.

17. At all times since August 3, 2007, Lechner has failed and refused to participate in selecting an arbitrator and proceed to arbitration of the Grievance as required under Article 29 of the Agreement.

**ANSWER:** Lechner admits that it has refused to select an arbitrator or to proceed to arbitration. Lechner denies that it is required to do so.

18. By the conduct described above, Lechner has breached its labor agreement with Local 731 in violation of LMRA Section 301.

**ANSWER:** Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted since it fails to allege (and could not allege) that the referenced "731-represented employees" were terminated by Lechner. Furthermore, it fails to allege (and could not allege) that if the employees were terminated, the employees filed a written grievance with Lechner within eight calendar days of termination, as required by Article XXIX, Step 1, of the CBA. Furthermore, the Complaint fails to allege (and could not allege) that the employees or the Union ever alleged in writing that they were terminated from employment, as required by Article XXIX, Step 2, of the CBA. Furthermore, the Complaint fails to allege (and could not allege) that the employees and/or the Union followed all of the procedures in Article 29 of the CBA required for initiating and prosecuting termination grievances.

2. As a matter of law, permanent replacement of an economic striker does not constitute "termination" within the meaning of the CBA, and therefore is not arbitrable.

3. Plaintiff has waived, and/or is estopped from asserting violation of the CBA in that it failed to satisfy conditions precedent for requesting arbitration.

WHEREFORE, Defendant, Lechner and Sons, hereby requests that this Court dismiss Plaintiff's Complaint with prejudice, award Lechner its costs and attorneys' fees, and order other relief as this Court deems fit.

Dated:  December 6, 2007

                                              LECHNER AND SONS

                                       By:  /s/ Robert H. Brown
                                              Robert H. Brown

Robert H. Brown
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)
rbrown@lanermuchin.com

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2007, I caused to be served upon Robert Bloch, Plaintiff's attorney of record, the foregoing Answer, through the Court's electronic filing system.

                                         /s/ Robert H. Brown
                                         Robert H. Brown