IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS, AUTOMOBILE SALESROOM GARAGE ATTENDANTS AND LINEN AND LAUNDRY DRIVERS, LOCAL NO. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>      Plaintiff,<br><br>  v.<br><br>LECHNER AND SONS,<br><br>      Defendant. | Case No. 07 C 6318<br><br>Chief Judge Holderman<br><br>Magistrate Judge Cole |

**MOTION FOR PETITION TO COMPEL ARBITRATION**

Plaintiff Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry Drivers, Local No. 731, International Brotherhood of Teamsters ("Local 731") respectfully petitions this Court pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1, 4, for an order directing defendant Lechner and Sons ("Lechner") to arbitrate Local 731's grievance over Lechner's refusal to reinstate Local 731-represented employees who honored a picket line established in support of a strike by another labor organization that represents other Lechner employees. In support of its Petition, Local 731 states:

    1.    Local 731 and Lechner are parties to a collective bargaining agreement ("CBA"), which was executed on or before June 27, 2007, and which contains a grievance and arbitration

procedure. (Hancock declaration ¶ 3 and Exhibit 1).  At the time the CBA was signed, most Local 731-represented employees were honoring a picket line established at Lechner's facility in sympathy with striking workers represented by another labor organization. ( Complaint, Answer ¶ 7; Hancock declaration ¶ 3).

2.  On or about July 2, 2007, the other union's strike ended and the Local 731-represented employees who were honoring the picket line requested to return to work, but Lechner refused to reinstate them.  Lechner continued to employ only those drivers who had crossed the picket line and worked during the strike  (Complaint, Answer ¶ 10;  Hancock declaration ¶ 4).

3.  On July 3, 2007, Local 731 filed a grievance over Lechner's refusal to reinstate its Local 731-represented employees who had honored the picket line at Lechner's place of business (the "Grievance").  Local 731 alleges that Lechner's conduct violated Articles 3, 5, 28, 29, 35, and all other applicable articles of the Agreement.  Local 731 requested immediate arbitration of the Grievance. (Complaint, Answer ¶ 11; Hancock declaration ¶ 5 and Exhibits 2, 3).

3.  By letter dated July 10, 2007, Lechner denied the Grievance, contending that none of the employees were discharged, but rather were permanently replaced.  By letter dated July 11, 2007, Local 731 requested that Lechner either convene the remaining steps of the grievance procedure or proceed directly to arbitration of the Grievance. (Complaint, Answer ¶ 12; Hancock declaration ¶ 6 and Exhibits 5, 6) .

4.  On August 3, 2007, pursuant to Article 29 of the Agreement and Local 731's request, the Federal Mediation and Conciliation Service submitted a panel of arbitrators to Lechner and Local 731 from which each party was to alternately strike names until one arbitrator

remained on the list who would hear and decide the Grievance. (Complaint, Answer ¶ 13; Hancock declaration ¶ 7).

5. By letter dated September 12, 2007, Lechner contended that the Grievance was not arbitrable. (Complaint, Answer ¶ 14; Hancock declaration ¶ 8 and Exhibit 6).

6. By letter dated September 25, 2007 Local 731 advised that Lechner may raise all its objections to arbitrability before the arbitrator but it may not otherwise refuse to arbitrate the Grievance or restrict the scope of arbitration, and the arbitrator shall determine how to consider Lechner's objections to arbitrability. (Complaint, Answer ¶ 15; Hancock declaration ¶ 9 and Exhibit 7).

7. At all times since August 3, 2007, Lechner has refused to select an arbitrator or proceed to arbitration. (Complaint, Answer ¶ 17).

8. Local 731 submits that the grievance is well within the scope of the CBA's arbitration clause but, at the very least, it cannot "be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworks of America v. Warrior and Gulf Navigation Co.,* 363 U.S. 574, 582-83 (1960). Local 731 further submits that both Lecher's substantive and procedural objections to arbitrability must be submitted to the arbitrator. *Beer Sales Drivers Local Union No. 744 v. Metropolitan Distributors*, 763 F.2d 300 (7th Cir. 1985).

9. Section 4 of the Federal Arbitration Act, 9 U.S.C. §§ 1, 4, permits a party aggrieved by the refusal of a party with which it has a written arbitration agreement to petition a district court for an order compelling arbitration, and to submit its application on five days' notice.

10.     The CBA satisfies the requirement of a written arbitration agreement and Local 731 has provided the required five days' notice for presenting this petition.

11.     In further support of this petition, Local 731 relies on the attached memorandum of law.

WHEREFORE, Local 731 respectfully requests that its petition be granted and that the Court issue an order directing the Company to proceed to arbitration of Local 731's grievance or, in the alternative, that the Court proceed summarily to trial on Local 731's complaint and petition, as is also provided for in Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4.

Respectfully submitted,

   /s/ Robert E. Bloch
Robert E. Bloch
One of the attorneys for plaintiff

Robert E. Bloch
Ronald W. Willis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue
19th floor
Chicago, IL 60603
312-372-1361