## DECLARATION

**STATE OF ILLINOIS** )
                              ) SS
**COUNTY OF COOK** )

I, Terrence J. Hancock, of full age, pursuant to 28 U.S.C. §1746, declare under penalty of perjury the following:

1. I have personal knowledge of the information provided here and if requested to do so I could testify to these facts.

2. I am President of the Excavating, Grading, Asphalt, Private Scavengers, Automobile Salesroom Garage Attendants and Linen and Laundry, Local Union No. 731, International Brotherhood of Teamsters ("Local 731").

3. Local 731 and Lechner and Sons ("Lechner") are parties to a Collective Bargaining Agreement ("CBA"), which was executed on or before June 27, 2007, and which contains a grievance and arbitration procedure. A copy of the CBA is attached to this declaration as Exhibit 1. At the time the CBA was signed, most Local 731-represented Lechner employees were honoring a picket line established at Lechner's facility in sympathy with striking workers represented by another labor organization called UNITE.

4. On or about July 2, 2007, the UNITE strike ended and the Local 731-represented employees requested to return to work, but Lechner refused to reinstate them. Lechner continued to employ those drivers who had crossed the picket line and worked during the strike.

5.      On July 3, 2007, at my direction, Local 731's attorneys filed a grievance over Lechner's refusal to reinstate its Local 731-represented employees who had honored the UNITE picket line at Lechner's place of business (the "Grievance"). A copy of the July 3, 2007 letter that constitutes the Grievance is attached as Exhibit 2. I directed that a second letter pertaining to the grievance be sent to Lechner, which is attached as Exhibit 3. These Exhibits state that Lechner's conduct violated Articles 3, 5, 28, 29, 35, and all other applicable articles of the CBA. In the Grievance letter, Local 731 requested immediate arbitration of the Grievance.

6.      By letter dated July 10, 2007, attached as Exhibit 4, Lechner denied the Grievance, contending that none of the employees were discharged, but rather were permanently replaced. By letter dated July 11, 2007, attached as Exhibit 5, Local 731 requested that Lechner either convene the remaining steps of the grievance procedure or proceed directly to arbitration of the Grievance.

7.      On August 3, 2007, pursuant to Article 29 of the Agreement and Local 731's request, the Federal Mediation and Conciliation Service submitted a panel of arbitrators, identified as case no. 070803-59156-A, to Lechner and Local 731 from which each party was to alternately strike names until one arbitrator remained on the list who would hear and decide the Grievance.

8.      By letter dated September 12, 2007, attached as Exhibit 6, Lechner contended that the Grievance was not arbitrable.

9.      By letter dated September 25, 2007, attached as Exhibit 7, Local 731 advised that Lechner may raise all of its objections to arbitrability before the arbitrator but it may not otherwise refuse to arbitrate the Grievance or restrict the scope of arbitration, and the arbitrator shall determine how to consider Lechner's objections to arbitrability.

I have read the foregoing Declaration and swear it is true and correct to the best of my knowledge, information and belief.

*T.J. Hancock*
Terrence J. Hancock

Dated: January 14, 2008